UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

 OREST BAIDAN,

          Plaintiff,

    v.

THOMAS KUHNLE, et al.,

          Defendants.

Case No. 24-cv-06178-NW

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Re: ECF No. 11

The Court has reviewed Magistrate Judge DeMarchi's Report and Recommendation ("R&R") to dismiss Plaintiff's second amended complaint ("SAC") in part pursuant to the mandatory screening process under 28 U.S.C. § 1915(e)(2)(B). R&R, ECF No. 11. The Court finds the R&R to be correct, well-reasoned, and thorough, and adopts it in every respect.

## I. BACKGROUND

On August 30, 2024, self-represented Plaintiff Orest Baidan sued two state court judicial officers for conduct stemming from presiding over family court proceedings between Plaintiff and his former spouse. Compl., ECF No. 1. It is unclear whether Plaintiff has ongoing cases before either or both state judicial officers, or if Plaintiff is still a litigant in family court. Along with his complaint, Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). ECF No. 3.

Plaintiff alleges that Defendants Judge Thomas Kuhnle and Commissioner Jon Heaberlin: (1) denied Plaintiff disability-related accommodations; (2) retaliated against Plaintiff for his disability-related requests; and (3) improperly delegated judicial duties to a private attorney. *See generally* SAC, ECF No. 10. Plaintiff alleges that Defendants' actions worsened his medical conditions and left him homeless and unable to secure legal representation or medical care. *Id.*

United States District Court
Northern District of California

He requests declaratory and injunctive relief. *Id.*

Plaintiff's complaint was assigned to Magistrate Judge DeMarchi for screening pursuant to 28 U.S.C. § 915(e)(2). Judge DeMarchi granted Plaintiff's application to proceed IFP, but provisionally sealed Plaintiff's original complaint sua sponte and ordered him to re-file his complaint with redactions. ECF No. 5.

Plaintiff instead filed a first amended complaint ("FAC") as of right that expanded on his allegations and modified his asserted claims for relief. FAC, ECF No. 7. He also filed a second IFP application, which Judge DeMarchi granted. Judge DeMarchi screened the FAC and concluded that it failed to state a claim for relief. Judge DeMarchi gave Plaintiff leave to file a second amended complaint. ECF No. 9. Judge DeMarchi's order expressly stated that "Mr. Baidan may not add new claims or parties absent leave of Court." *Id*. at 12.

On January 21, 2025, Plaintiff filed a SAC, reasserting claims for violations of his civil rights under 42 U.S.C. § 1983 and for violations of the Americans with Disabilities Act ("ADA"). Without requesting leave to assert additional claims, Plaintiff's SAC also asserted a new claim for "Conspiracy to Deprive Civil Rights (42 U.S.C. § 1985(3))." ECF No. 10 at 4. Judge DeMarchi screened the SAC and found that Plaintiff had failed to state a federal claim upon which relief could be granted. ECF No. 11.

On July 24, 2025, Judge DeMarchi issued an R&R to refer Plaintiff's case to the undersigned judge and to dismiss Plaintiff's complaint without leave to amend, with a limited exception. *Id*. Judge DeMarchi recommended that Plaintiff's ADA claims may proceed only to the extent that the claims implicate a right of access to the courts. Judge DeMarchi also liberally construed Plaintiff's addition of the conspiracy claim under 42 U.S.C. § 1985(3) as a request for leave to amend and recommended that request be denied. Plaintiff timely filed objections to the R&R. Pl.'s Objections to R&R ("Objs."), ECF No. 13.

## II.     LEGAL STANDARD

The district court's duties in connection with a magistrate judge's R&R are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a *de*

United States District Court
Northern District of California

2

*novo* determination of those portions of the report … to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). "Only objections that reference specific portions of the report and recommendation will trigger *de novo* review—general or conclusory objections do not suffice." *Ali v. Grounds*, 236 F. Supp. 3d 1241, 1249 (S.D. Cal. 2017), *aff'd*, 772 F. App'x 580 (9th Cir. 2019). The district court need not review *de novo* those portions of a R&R to which neither party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Courts have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.   DISCUSSION

Although Plaintiff filed "objections" to the R&R, *see* Objs., ECF No. 13, none of the objections were sufficiently specific to trigger *de novo* review. Even construing Plaintiff's objections liberally, each of Plaintiff's seven objections either reallege conclusory allegations advanced in the SAC or introduce new information with no apparent relevance. Moreover, Plaintiff mischaracterizes the R&R's "cornerstone factual premise," and — while some of Plaintiff's objections purport to contest specific findings — none of the quoted language Plaintiff attributes to the R&R actually appears in the R&R. Failure to file specific objections is sufficient to permit the Court to adopt the R&R.

Notwithstanding Plaintiff's failure to properly object to the R&R, the Court carefully reviewed it. The Court reaches the same conclusions as the R&R and finds no clear error. For the reasons discussed below, the Court:

1. Dismisses Plaintiff's claims under 42 U.S.C. § 1983 without further leave to amend (Claims 1-4).

2. Dismisses Plaintiff's claims for discrimination and retaliation/coercion under the ADA without further leave to amend, except to the extent the claims are based on allegations concerning Plaintiff's access to court proceedings and Plaintiff's request for prospective,

United States District Court
Northern District of California

non-monetary relief (Claims 5, 6).

3. Requires that, should Plaintiff choose to proceed, Plaintiff may only file a third amended complaint consistent with the Court's findings, namely a complaint that is limited to an ADA discrimination claim and retaliation/coercion claim concerning access to court proceedings for prospective, non-monetary relief.  Plaintiff may only file a third amended complaint if Plaintiff has prospective relief available, meaning Plaintiff has ongoing proceedings before either Judge Kuhnle or Commissioner Heaberlin in state court.

4. Denies Plaintiff's request for leave to assert a new claim for conspiracy under 42 U.S.C. § 1985(3) (Claim 7).

### A.    § 1983 Claims

The R&R found that Plaintiff's claims for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States, under 42 U.S.C. § 1983, are barred by immunity doctrines.  The Court agrees.

### 1.    Eleventh Amendment Immunity

The Eleventh Amendment bars retrospective declaratory relief against state court judges sued in their official capacities.  *See Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021).

Plaintiff did not object to the R&R's finding that retrospective declaratory relief is barred here.  *See* ECF Nos. 10, 13.  Instead, Plaintiff asserts that he "seeks only prospective injunctive and declaratory relief against judicial officers," despite the SAC's request for retrospective declaratory relief concerning the lawfulness of Judge Kuhnle's and Commissioner Heaberlin's past actions.  Objs., ECF No. 13; ECF No. 10.

While a § 1983 claim for prospective declaratory relief is "theoretically possible," "prospective declaratory relief requests are those that seek to resolve 'prospective' (i.e., anticipated or future) disputes and 'should not be sought to correct past wrongs where other remedies exist.'"  *Weldon v. Kapetan*, No. 17-cv-01536-LJO-SKO, 2018 WL 2127060, at *5 (E.D. Cal. May 9, 2018) (citing *Kim v. City of Belmont*, Case No. 17-cv-02563-JST, 2018 WL 500269, at *14 (N.D. Cal. Jan. 22, 2018)).  The SAC does not identify any anticipated or future violations

United States District Court
Northern District of California

that would implicate § 1983.  ECF No. 10.  Moreover, as the R&R notes, "insofar as the SAC indicates Judge Kuhnle is no longer involved in the underlying family court proceedings, [] there are no facts suggesting the possibility of future injury by Judge Kuhnle."  ECF No. 11 (citation omitted).

### 2.    § 1983 Judicial Immunity

Under § 1983, injunctive relief against judicial officers for acts or omissions taken in the officers' judicial capacity is barred unless a declaratory decree was violated or declaratory relief was unavailable.  42 U.S.C. § 1983.

Plaintiff's SAC does not allege that his § 1983 claims are based on a declaratory decree or that declaratory relief was not available.  *See* ECF No. 10.  However, Plaintiff now asserts the "declaratory decree" clause is satisfied because "Calif. Rule of Court 1.100 guarantee (*sic*) accommodations; Defendants violated it."  Objs., ECF No. 13.

Even if this allegation were true, Plaintiff misunderstands the meaning of "declaratory decree."  In the context of § 1983, "a declaratory decree refers to an order directing a particular judicial officer to take or refrain from taking a particular action in a particular dispute." *Drevaleva v. Pollak*, No. 21-cv-01664-EMC, 2021 WL 1671969, at *1 (N.D. Cal. April 22, 2021) (quoting *Murphy v. Ross*, No. 3:14-cv-870, 2015 WL 1787351 at *3 (E.D. Va. April 14, 2015)).  California Rule of Court 1.100 is not a declaratory decree.  Rather, it establishes the process for requesting disability accommodations.  Cal. Rules of Court, rule 1.100.  Without any facts plausibly alleging a violation of a declaratory decree, Judge Kuhnle and Commissioner Heaberlin are immune from suit under § 1983.

Plaintiff fails to state a claim for prospective or retrospective injunctive and declaratory relief under § 1983.  Accordingly, the Court adopts the reasoning of the R&R and dismisses Plaintiff's § 1983 claims without leave to amend.

### B.    ADA Claims

Plaintiff brings two claims under the ADA: (1) disability discrimination,[1] and (2) violation

---

[1] Judge DeMarchi reasonably construed Plaintiff's disability discrimination claim to be based on

United States District Court
Northern District of California

of the ADA's anti-retaliation provision.  The R&R found that Plaintiff failed to state a claim for relief for both claims.  However, construing the pleadings liberally, the R&R found that certain allegations in the SAC implicate a right of access to the courts and that those allegations are sufficient to meet "the low threshold for proceeding past the screening stage," *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), but only to the extent Plaintiff seeks *prospective* injunctive relief.  It is unclear to the Court whether there are ongoing proceedings before either Judge Kuhnle or Commissioner Heaberlin such that prospective injunctive relief would be available.

### 1.       Disability Discrimination

To state a claim for disability discrimination, Plaintiff must plausibly allege facts suggesting the decisions and orders were made because of his claimed disabilities.  *See Murray v. Mayo Clinic*, 934 F.3d 1101, 1105 (9th Cir. 2019) (holding that "but-for" causation standard applies to disability discrimination claims under ADA Title I); *Mehta v. City of Sunnyvale*, 721 F. Supp. 3d 1041 (N.D. Cal. 2024) ("Murray's analysis applies with equal force to Title I and Title II of the ADA and provides the Ninth Circuit's current governing standard as to the causation standard that applies to such claims.").  The R&R concluded that Plaintiff failed to allege facts "suggesting that Judge Kuhnle's and Commissioner Heaberlin's decisions and orders . . . would not have occurred but for [Plaintiff's] claimed disabilities."  ECF No. 11.

Plaintiff objects to this finding and claims the but-for causation standard is met because his "financial records demonstrate a two-year income loss flowing directly from ADA denial."  Objs., ECF No. 13.  As the R&R notes, the SAC merely "alleges that defendants issued orders and made decisions that affected Mr. Baidan's income and/or assets, which in turn, affected his ability to access medical care."  ECF No. 11; *see also* EFC No. 10.  The R&R concluded that these allegations are inadequate to plausibly suggest that those decisions and orders were made by reason of Plaintiff's claimed disabilities.  This Court agrees.

### 2.       Retaliation and Coercion

Plaintiff also alleges that Defendants "retaliate[ed] against" and "punish[ed]" him "for

---

ADA Title II, though the SAC did not expressly say so.

United States District Court
Northern District of California

United States District Court
Northern District of California

asserting ADA rights," ECF No. 10, in violation of the ADA's anti-retaliation provision, which prohibits discrimination "against any individual because such individual has opposed any act or practice made unlawful by [the ADA]." 42 U.S.C. § 12203(a). To state a claim under the ADA's anti-retaliation provision, Plaintiff must first allege sufficient facts establishing a plausible claim of discrimination under the ADA. *McColm v. San Francisco Housing Auth*., No. 02-cv-5810 PJH, 2007 WL 1575883, at *13 (N.D. Cal. May 29, 2007) (holding that a claim of discrimination under the ADA "constitutes the predicate for any claim of retaliation and/or interference.").

As noted above and discussed below, the R&R declined to recommend dismissal of the portion of the SAC that alleges Defendants denied Plaintiff's accommodations and scheduled hearings during surgeries or sedation. However, the R&R found that Plaintiff had otherwise failed to allege facts sufficient to support a disability discrimination claim. Because Plaintiff's claim for retaliation rests on the same facts as his disability discrimination claim (notwithstanding the limited exception), which is "the predicate for any claim of retaliation and/or interference," Plaintiff has likewise failed to allege facts to support a claim for retaliation. *McColm*, 2007 WL 1575883, at *13.

### 3. Right of Access to the Courts

To the extent Plaintiff's ADA discrimination claim is based on allegations that Defendants ignored or "den[ied] [his] accommodations" and "schedul[ed] hearings during surgeries or sedation," the R&R did not recommend dismissal of that portion of the SAC under 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is representing himself, his pleadings are liberally construed. Judge DeMarchi construed Plaintiff's ADA claim as implicating a right of access to the courts and found that the SAC's allegations are sufficient to meet "the low threshold for proceeding past the screening stage," *Wilhelm*, 680 F.3d at 1123, but only to the extent Plaintiff seeks prospective injunctive relief. The Court agrees with the R&R that this issue would benefit from further briefing.

While the SAC requests that this Court "[e]njoin Defendants from further discriminatory or retaliatory conduct" and "[c]ompel Defendants to provide all necessary ADA accommodations

in any future court proceedings," Plaintiff does not indicate whether he actually has any ongoing cases before either Judge Kuhnle or Commissioner Heaberlin such that prospective injunctive relief would be available. ECF No. 10. If Plaintiff does, in fact, have ongoing proceedings before Judge Kuhnle or Commissioner Heaberlin, and prospective injunctive relief is thus available, Plaintiff may only amend his complaint to assert a discrimination claim and retaliation/coercion claim concerning access to court proceedings. Accordingly, the Court dismisses Plaintiff's claims for discrimination and retaliation/coercion under the ADA without leave to amend, except to the extent his claims are based on allegations concerning Plaintiff's access to court proceedings and seek prospective, non-monetary relief. The Court adopts the reasoning of the R&R.

### C.    42 U.S.C. § 1985(3) Conspiracy

Judge DeMarchi liberally construed the SAC as a request for leave to assert a new claim for conspiracy. The R&R found that Plaintiff should not be given leave to assert a claim for violation of § 1985(3) for several reasons: (1) the claim is barred by absolute judicial immunity; (2) Plaintiff's allegations of conspiracy are highly conclusory; (3) the SAC does not state a cognizable § 1985(3) claim; and (4) at least one court within the Ninth Circuit has concluded that § 1985(3) may not be used as a vehicle to enforce rights under the ADA because the ADA is a comprehensive statute with its own remedial structure. *See, e.g., Serris v. Chastaine*, No. 2:22-cv-0434-JAM-CKD PS, 2022 WL 2133900, at *6 (E.D. Cal. June 14, 2022).[2]

Plaintiff's allegations of conspiracy are highly conclusory and thus insufficient to state a claim. *See Steshenko v. Gayrard*, 70 F. Supp. 979, 998 (N.D. Cal. 2014) ("A mere allegation of conspiracy is insufficient to state a claim."). Plaintiff does not allege any facts that plausibly support a claim for conspiracy. Instead, Plaintiff essentially alleges that Judge Kuhnle and Commissioner Heaberlin "acted with discriminatory animus based on Plaintiff's disability" and

---

[2] *See also Steshenko v. Gayrard*, 70 F. Supp. 979, 999 (N.D. Cal. 2014) ("Where a statute both creates a right and provides a remedial structure, a plaintiff may not use § 1985(3) to circumvent the statutory enforcement scheme."); *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002) (holding that the comprehensive remedial scheme of Title II of the ADA barred a claim under § 1983).

United States District Court
Northern District of California

United States District Court
Northern District of California

that "Judge Kuhnle, Commissioner Heaberlin, and Attorney Diana Romanovska conspired to deprive Plaintiff of equal protection under the law, violating 42 U.S.C. § 1985(3)." ECF No. 10. Such conclusory allegations are insufficient to state a claim for conspiracy. Accordingly, the Court adopts the R&R's reasoning and denies Plaintiff's request for leave to assert an additional claim for conspiracy.

## IV. CONCLUSION

Consistent with Judge DeMarchi's R&R, and with this Court's own review, the Court:

1. Dismisses Plaintiff's claims under 42 U.S.C. § 1983 without further leave to amend (Claims 1-4).

2. Dismisses Plaintiff's claims for discrimination and retaliation/coercion under the ADA without further leave to amend, except to the extent the claims are based on allegations concerning Plaintiff's access to court proceedings and seek prospective, non-monetary relief (Claims 5, 6).

3. Requires that, should Plaintiff choose to proceed, Plaintiff may only file a third amended complaint consistent with the Court's findings, namely a complaint that is limited to an ADA discrimination claim and retaliation/coercion claim concerning access to court proceedings for prospective, non-monetary relief. Plaintiff may only file a third amended complaint if Plaintiff has prospective relief available, meaning Plaintiff has ongoing proceedings before either Judge Kuhnle or Commissioner Heaberlin in state court.

4. Denies Plaintiff's request for leave to assert a new claim for conspiracy under 42 U.S.C. § 1985(3) (Claim 7).

/ / /

/ / /

/ / /

/ / /

United States District Court
Northern District of California

If Plaintiff has a viable remaining ADA claim, consistent with the terms of this Order, and he elects to proceed with that limited claim, he must file a third amended complaint **by March 18, 2026**.  Plaintiff is not permitted to add new claims or parties without seeking leave of court.

**IT IS SO ORDERED.**

Dated: February 25, 2026

Noël Wise
United States District Judge

10